## Feldman et al. v. Swoyerville Borough

*Herbert L. Winkler*, for plaintiffs.
*Anthony W. Wallace*, for defendant.

VALENTINE, P. J., September 1949.—This is a proceeding to quiet title to certain parcels of land situate on Main Street, Swoyerville Borough, and being nos. 395-397 and nos. 400-402 on that street.

The question presented is whether two municipal liens, entered by defendant borough against the properties, which were formerly owned by Samuel Feldman, were discharged by virtue of a sale made by Feldman's trustee in bankruptcy.

The essential facts are not controverted. The liens in question were filed against the properties for the installation of a sewer, and were entered in the office of the prothonotary in m. l. d. docket 89, December term, 1930, and to December term, 1930, no. 384. They have been duly revived.

On October 24, 1932, Feldman filed a voluntary petition in bankruptcy, and was, on October 24, 1932, adjudged bankrupt.

The debtor's petition, filed by Feldman, listed the indebtedness to defendant municipality, as follows:

"Swoyerville Borough, and Swoyerville School District, Swoyerville, Pa., Patsy Hayden, Collector. Wilkes-Barre City & School; Frank Kelly, Collector. For all taxes and sewer assessment, in Swoyerville, Pa., County Taxes in Swoyerville, Pa., approximately $2,000."

The record of the proceedings in bankruptcy shows that after the taking of all necessary preliminary steps, the trustee was authorized to expose said real estate to public sale "free and clear of all liens, encumbrances, taxes, etc."

Pursuant to this order, the trustee exposed the same to public sale on February 15, 1933, at which time the real estate was purchased by the Luzerne National Bank. The sale was, on March 11, 1933, duly confirmed by order of the United States district court. Thereafter, the trustee conveyed the real estate to

the purchaser. By virtue of a series of conveyances, the title of the purchaser is now vested in plaintiffs.

The contention of defendant is that the liens were not divested because the bankrupt failed to set forth in his schedule: (1) The amount due the borough; (2) did not specifically list the liens, and (3) gave no more specific address to the holder of the liens than Swoyerville, Pa.

In Everick Art Corporation et al., 39 F. (2d) 765, at page 767, it is said:

"The bankrupt's purpose in listing the creditor by name is to charge him with notice of the proceedings and to bar by the discharge whatever claim he may have. Whether the notation is 'amount unknown' or 'amount disputed', the listing of a claimant among the bankrupt's creditors should be deemed a recognition of such claimant as a creditor for such amount as he may establish."

In Kreitlein v. Ferger, 238 U. S. 21, a schedule listing a creditor's residence as Indianapolis was held prima facie sufficient. So also in Claflin et al. v. Wolff, 88 N. J. L. 308, 96 Atl. 73, the schedule was held sufficient although the judgment creditor's address was stated to be New York City, without any street or number.

These authorities have been followed by the more recent case of Freedman v. Cooper, 126 N. J. L. 177, 17 A. (2d) 609, in which it was held that giving a creditor's address only by reference to his city, without stating street or number, was sufficient compliance with the requirements of the Bankruptcy Act.

The sale here in question, made by the trustee in bankruptcy, was a judicial sale. The trustee was authorized and directed to sell the real estate, free from liens. The validity of that sale, which has been duly confirmed by order of the proper court, is not subject

to collateral attack: Tuck et al. v. Patterson, 60 S. W. (2d) (Texas) 328.

We conclude that plaintiffs have a valid title to the real estate in question, free from the liens entered by defendant municipality against Samuel Feldman.